UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.:    26-30285 |
| DUSTIN CRAIG BEALBY | ) |
| | ) Chapter 13 |
| Debtors. | ) |

**JOINDER TO OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CHAPTER 13 CASE OR,
IN THE ALTERNATIVE, MOTION TO CONVERT
TO CHAPTER 11 OR CHAPTER 7**

The U.S. Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") joins the *Objection of Trustee to Confirmation of Plan; Motion to Dismiss* (the "Objection" and the "Motion") filed on June 30, 2026, by Jenny P. Holman, standing chapter 13 trustee for the Charlotte Division (the "Trustee"). The Objection argues that the above-captioned Debtor's chapter 13 plan is not feasible and therefore cannot be meet the confirmation requirement found at 11 U.S.C. § 1325(a)(6). In support of this Joinder, the Bankruptcy Administrator respectfully states as follows and shows the following additional reasons why this case should be dismissed. In addition, to the extent that the Court determines conversion to be in the best interest of creditors or this estate, instead of dismissal, the undersigned moves for conversion of this case to chapter 11 or chapter 7.

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought in this Joinder are sections 109, 1307 and 1325 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code) and Rule 1013, 1017, and 9013 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules").

**FACTUAL BACKGROUND**

3. The Debtor initiated this chapter 13 bankruptcy case by filing a voluntary petition [ECF No. 1] on March 10, 2026 (the "Petition Date"). The Debtor filed a proposed chapter 13 plan [ECF No. 11] (the "Proposed Plan') on March 30, 2026.

4. The Debtor appeared at the 341 meeting held on April 30, 2025, and the continued meetings of creditors shown on the docket. The meeting of creditors was concluded on June 26, 2026. See ECF No. 7, 17, 24, 25, 26, 27, 30.

5. A company owned by the Debtor, Carolina Renovation Warehouse, LLC (the "Affiliate"), filed a chapter 11 petition in this court on February 20, 2026. It was confirmed under section 1191(a) at a hearing held on July 15, 2026, with the confirmation order to follow.

6. Upon information and belief, the Debtor's guaranties of business debts prompted this chapter 13 bankruptcy filing.

7. The Debtor scheduled $643,200 in secured obligations, $102,029 in priority unsecured claims, and $277,653 in general unsecured claims. A review of the Affiliate's Schedule H includes many more guaranty claims than the Debtor included in his Schedule F or H.

8.     The general deadline to file proofs of claim ended on May 19, 2026; government units must file claims by September 6, 2026. See ECF No. 7. Creditors have filed 29 proofs of claim as shown on the attached Exhibit A. The filed proofs of claim, plus the Debtor's recently refinanced mortgage listed on Schedule D, total:

| Secured | Priority | Unsecured |
|---|---|---|
| $  1,204,267.68 | $      27,029.27 | $  2,543,038.76 |

## **RELIEF REQUESTED**

9.     The Bankruptcy Administrator joins in the Trustee's motion to dismiss but submits that the amount of the Debtor's unsecured debts is an additional basis for dismissal.

10.     Pursuant to 11 U.S.C. § 109(e), individuals do not qualify for chapter 13 relief if their noncontingent, liquidated, unsecured debts exceed $526,700. Because the total amount of the Debtor's unsecured debt exceeds this limitation, the Debtor does not qualify for chapter 13 relief.

For the foregoing reasons, the Bankruptcy Administrator respectfully requests that the Court enter an order (i) dismissing this case or, if determined to be in the best interest of the estate creditors, converting this case to a different chapter and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 17, 2026.

/s/ Shelley K. Abel
Shelley K. Abel
U.S. Bankruptcy Administrator
401 W. Trade Street, Suite 2400
Charlotte, NC 28202-1633
N.C. Bar No. 34370

3

Telephone: (704) 350-7587
Email: shelley_abel@ncwba.uscourts.gov

4